UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:06CV-122-M

**FIFTH THIRD BANK**                                                                                       **PLAINTIFF**

VS.

**JEFFERSON PILOT SECURITIES
CORPORATION**                                                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff, Fifth Third Bank, for summary judgment [DN 14]. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the motion by Plaintiff, Fifth Third Bank, for summary judgment is denied without prejudice.

**I. STANDARD OF REVIEW**

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 247-48 (1986). It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

In December of 2005, Schneider Consulting, LLC, sought to borrow Three Million Dollars ($3,000,000.00) from Plaintiff, Fifth Third Bank. In order to secure this loan, Fifth Third Bank required Shaun S. Schneider and Chandra L. Schneider to pledge securities held in a brokerage account managed by Defendant, Jefferson Pilot Securities Corporation. The Schneiders executed and delivered a Brokerage Account Pledge and Security Agreement dated December 21, 2005 to Fifth Third Bank. The Brokerage Account Pledge and Security Agreement secures the Master Commercial Revolving Note dated December 21, 2005 in the original principal amount of Three Million Dollars executed by Schneider Consulting in favor of Fifth Third Bank.

Fifth Third Bank, the Schneiders, and Jefferson Pilot also executed an Account Control Agreement effective December 21, 2005. In the Account Control Agreement, Jefferson Pilot represented and warranted to the Bank that the total market value of the property in the Schneider's brokerage account was at least Three Million Two Hundred Eleven Thousand Dollars ($3,211,000.00) on January 3, 2006, and that no distributions had been made between January 3, 2006 and January 10, 2006.

Jefferson Pilot represents that the $3,211,000.00 balance of the brokerage account included a large amount of securities purchased with a check written by the Schneiders. Jefferson Pilot states that after the securities had been purchased and their value added to the

brokerage account balance, the $2,800,000.00 check used to fund the securities purchase was returned due to insufficient funds. Jefferson Pilot immediately informed the Schneiders of the check's return. On January 16, 2006, the Schneiders deposited another check to cover the purchase of the securities. The second check was likewise returned. Jefferson Pilot represents that it then cancelled the trades and adjusted the brokerage account balance to reflect the cancelled transactions. Jefferson Pilot states that Fifth Third Bank's agent, Rob Bingham, was notified. During this time, Jefferson Pilot states that Mr. Schneider also informed Jefferson Pilot that he was under investigation for bank fraud. On January 19, 2006, the Federal Bureau of Investigations ("FBI") issued a Freeze Order on the brokerage account. Jefferson Pilot through Pershing, LLC, has now liquidated and transferred the assets in the subject brokerage account to the United States Marshals Service pursuant to an order of the FBI.

     Subsequently, Schneider Consulting defaulted on its loan with Fifth Third Bank. By letter dated February 3, 2006, Fifth Third Bank directed Jefferson Pilot to liquidate the balance of the brokerage account to satisfy the loan pursuant to the Account Control Agreement. Jefferson Pilot has not provided any of the requested funds to Fifth Third Bank. As a result of the alleged breach, Fifth Third Bank filed this motion requesting the Court to enter summary judgment in favor of the Bank and against Jefferson Pilot in the amount of $3,211,000, plus prejudgment interest from March 3, 2006 until the date of the judgment herein, plus post-judgment interest until the amount due is paid.

### III. DISCUSSION

The Account Control Agreement is the subject of this civil action. The stated purpose of the Account Control Agreement was "to provide for the control of the Brokerage Account and to perfect the security interest" of Fifth Third Bank. (Account Control Agreement at 1.) Section 1 of the Account Control Agreement sets forth Jefferson Pilot's representations and warranties to the Bank. Among others, Jefferson Pilot "represents and warrants" that "(a) the Brokerage Account has been established in the name of [the Schneiders]" and "(b) the total market value of the property of the Brokerage Account is at least Three Million Two Hundred Eleven Thousand Dollars and No Cents ($3,211,000) on the 3rd day of January 2006." (Account Control Agreement at § 1.) Jefferson Pilot further warranted that no distributions had been made between January 3, 2006 and January 10, 2006. Id.

Within Section 3 of the Account Control Agreement entitled "Priority of Lien," Jefferson Pilot waived and released its rights to the brokerage account. Specifically, Section 3 provides in part as follows:

> [Jefferson Pilot] hereby waives and releases all liens, encumbrances, claims and rights of setoff it may have against the Brokerage Account or any financial asset carried in the Brokerage Account or any credit balance in the Brokerage Account and agrees that, except for payment of its customary fees and commission pursuant to the Brokerage Agreement, it will not assert any such lien, encumbrance, claim or right of the priority thereof against the Brokerage Account or any financial asset carried in the Brokerage Account or any credit balance in the Brokerage Account.

(Account Control Agreement § 3.)

Fifth Third Bank argues that Jefferson Pilot breached the Account Control Agreement

4

by (a) refusing to liquidate the account upon receipt of the Notice of Exclusive Control from the Bank, (b) misrepresenting the true value of the brokerage account, and (c) asserting a claim against the account to compensate itself for the Schneiders' tendering a check with insufficient funds without the Bank's permission.

Jefferson Pilot argues that summary judgment is improper as there has been no discovery completed in this case. Further, Jefferson Pilot maintains that it did not breach the Account Control Agreement. Jefferson Pilot argues that under the Account Control Agreement it merely represented the value of the securities in the brokerage account at one snapshot in time, as of January 3, 2006. Jefferson Pilot contends that the brokerage account balance set forth in the Account Control Agreement was true and accurate as of the dates provided therein. According to Jefferson Pilot, securities were purchased with purported funds provided through the Schneiders' $2,800,000.00 check. Once the funds were discovered to be unavailable to support the previously made securities purchases, the trades were cancelled and the brokerage account balance was adjusted. Jefferson Pilot argues that this subsequent adjustment to reflect the brokerage account's true value does not reflect a payment, a withdrawal, or a claim against the brokerage account under Section 3 of the Account Control Agreement.

After a review of the record, the Court concludes that summary judgment in this matter is premature. The parties have not yet conducted any discovery. "[T]he Sixth Circuit has indicated that summary judgment motions, as a matter of discretion, may be found premature where discovery has not commenced." Brock v. Marymount Medical Center,

Inc., 2007 WL 196895, *8 (E.D. Ky. 2007)(citing McKinley v. City of Mansfield, 404 F.3d 418, 443 (6th Cir.2005); Vance By and Through Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir.1996) (reversing summary judgment because "no discovery was conducted before the motion for summary judgment was filed and decided")).  Because discovery has not been completed, the record lacks the necessary information to decide a motion for summary judgment, including information concerning the terms of the brokerage agreement, the process involved in the stock purchase in question, and the obligations and liabilities incurred by Jefferson Pilot related to the stock purchase.  At this stage of the litigation and given the lack of discovery, the Court finds that genuine issues of material fact exist regarding whether Jefferson Pilot breached the Account Control Agreement.  Therefore, summary judgment is improper at this time.

## IV.  CONCLUSION

For the reasons set forth above, the Plaintiff's motion for summary judgment [DN 14] is **denied with leave to refile after completion of discovery.**

cc: counsel of record