UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:06CV-122-M**

**FIFTH THIRD BANK**                                                                                                     **PLAINTIFF**

**VS.**

**LINCOLN FINANCIAL SECURITIES**
**CORPORATION**                                                                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by the Defendant, Lincoln Financial Securities Corporation, to reconsider the Court's August 18, 2009 Memorandum Opinion and Order granting Plaintiff's motion for summary judgment [DN 92]; on a motion by Lincoln Financial for oral argument [DN 93]; and on a motion by Lincoln Financial to stay proceedings to enforce judgment [DN 94]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

On August 18, 2009, the Court issued a Memorandum Opinion and Order granting Plaintiff's motion for summary judgment on Plaintiff's breach of contract claim. The Court found that Lincoln Financial breached the Account Control Agreement when it represented and warranted that the value of the property in the Schneider brokerage account was $3.2 million, waived any claim or setoff against the brokerage account, and then permitted its staff or Pershing to cancel the trades and remove $2.8 million worth of securities from the brokerage account without the approval of Fifth Third. In addressing the defenses raised by Lincoln Financial, the Court also found that the Account Control Agreement was supported by sufficient consideration and that there was no evidence in the record indicating a mutual mistake that would permit reformation of this contract.

Additionally, the Court concluded that no reasonable juror could find that Lincoln Financial could rescind the contract based upon the defense of fraud. Accordingly, the Court entered a judgment in favor of Fifth Third against Lincoln Financial in the amount of $2,727,081.07, including prejudgment and postjudgment interest. The Plaintiff supplied this judgment amount and the Defendant did not challenge the amount in its response.

On August 28, 2009, Defendant filed a motion to reconsider the August 18 Opinion pursuant to Federal Rule of Civil Procedure 59(e). In support of its motion to reconsider, the Defendant argues that summary judgment on the breach of contract claim was improper because (1) the Court failed to correctly interpret the Account Control Agreement's express language; (2) the Court incorrectly determined that Lincoln Financial could not cancel the trades in question pursuant to Sections 3 and 4 of the Account Control Agreement; (3) the Court erred in holding that Lincoln Financial intended to waive its right to reverse under-funded trades; (4) the Court erred in rejecting Lincoln Financial's defense of mutual mistake or fraud[1]; (5) the Court erred because it failed to interpret the explicit language of the Agreement which required only Lincoln Financial's best efforts; and (6) the Court erred when it decided that the Account Control Agreement was supported by consideration. Lincoln Financial argues that the Court should vacate its Opinion in its entirety and either overrule both parties' motions for summary judgment or enter judgment in favor of Lincoln Financial. Additionally, the Defendant maintains that the judgment amount provided by the Plaintiff and awarded by the Court is incorrect. Plaintiff concedes that the judgment amount is

---

[1]Specifically, Lincoln Financial contends that the Court erred by adjudicating the "reasonableness" of Lincoln Financial's reliance on Schneider's check, by finding that Lincoln "negligently" failed to ascertain the mistake concerning Schneider's bad check, and by determining that Lincoln failed to exercise "ordinary diligence."

2

incorrect.

**STANDARD**

Motions to alter or amend judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008)(citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, *1 (E.D. Mich. Jan. 7, 2009)(citation omitted). See also Electric Ins. Co. v. Freudenberg-Nok, General Partnership, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."); Browning v. Pennerton, 2008 WL 4791491, *1 (E.D. Ky. October 24, 2008)("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).

**DISCUSSION**

Applying this standard to the current motion, the Court denies Lincoln Financial's motion to reconsider the merits of the case. With the exception of the argument related to the judgment amount, the arguments raised in Defendant's motion to reconsider were either previously advanced by Defendant and addressed by the Court or could have been advanced in the Defendant's original

motion and response. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." Gray v. Commissioner of Social Sec., 2006 WL 3825066, *2 (E.D. Mich. December 13, 2006)(citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Defendant may disagree with the Court's decision, but that is an issue for appeal, not reconsideration.

With respect to the judgment amount, both parties agree that the judgment amount is incorrect. Plaintiff represents that as of October 20, 2008, Fifth Third was owed the outstanding principal balance on the loan of $ 2,208,975.91, interest on the loan of $529, 492.01, and late fees on the loan of $1,840.16. Plaintiff submits that these figures were included in its supplementary interrogatory responses and have not been challenged. Plaintiff also represents that since October 20, 2008, Fifth Third received $17,619.92 on or about May 14, 2009 and $29.60 on or about July 23, 2009 from the Schneider's account. Plaintiff then suggests that the Court amend the judgment to reflect an amount due and owing as of October 20, 2008, with a subsequent damages hearing for the calculation of supplemental interest and deductions.

In its motion to reconsider, the Defendant submits that the evidence reflects that the principal amount due on the loan is $2,208,975.91 and does not appear to object to the Plaintiff's calculation of the accrued interest and late fees contained in Plaintiff's interrogatory responses dated November 3, 2008. In fact, the Defendant relies on the supplementary interrogatory responses in its motion to reconsider. Likewise, in its reply, Defendant does not challenge Plaintiff's representation of the additional monies Fifth Third received from the Schneider account. However, given Plaintiff's suggestion of a subsequent damage hearing to determine additional interest and deductions incurred after October 20, 2008, Defendant argues that the amount of damages which Fifth Third may recover

is a disputed factual issue which Fifth Third has failed to prove and is appropriate only for a jury's determination.

Contrary to the argument of Defendant and despite Plaintiff's suggestion for a hearing, the Court finds that the amount of damages which Fifth Third is entitled can be calculated based on the figures presented by the Plaintiff and not objected to by the Defendant. According to Plaintiff's supplementary interrogatory responses, as of October 20, 2008, the principal balance on the loan was $2,208,975.91, accrued interest was $529,492.01, and late fees were $1840.16. Similarly, the record further reflects that Fifth Third received $17,619.92 on May 14, 2009 and $29.60 on July 23, 2009 from the Schneider's account, reducing the principal balance to $2,191,355.99 on May 14, 2009, and $2,191,326.39 on July 23, 2009. Given these principal balance amounts calculated as of October 20, 2008, May 14, 2009, and July 23, 2009, the remaining prejudgment interest can be calculated. First, for the period from October 21, 2008, until May 14, 2009, the prejudgment interest calculated at 8% per annum on the principal amount of $2,208,975.91 is $99,252.62. Second, for the period from May 15, 2009 to July 23, 2009, the prejudgment interest calculated at 8% per annum on the principal amount of $2,191,355.99 is $33,140.51. Finally, for the period from July 24, 2009, to November 3, 2009, the prejudgment interest calculated at 8% per annum on the principal amount of $2,191,326.39 is $48,989.65. Accordingly, the current principal balance and the prejudgment interest accrued from March 3, 2006, to the present is reflected in the following table:

| | |
|---|---|
| Principal | $ 2,191,326.39 |
| Pre-Judgment Interest from March 3, 2006 to October 20, 2008 | $ 529,492.01 |
| Pre-Judgment Interest from October 21, 2008 to May 14, 2009 | $ 99,252.62 |
| Pre-Judgment Interest from May 15, 2009 to July 23, 2009 | $ 33,140.51 |
| Pre-Judgment Interest from July 24, 2009 to November 3, 2009 | $ 48,989.65 |
| Late Fees | $ 1,840.16 |
| Total | $ 2,904,041.34 |

Based upon these figures, the Court proposes to enter an amended judgment in favor of Fifth Third Bank against Lincoln Financial in the amount of $2,904,041.34[2], together with postjudgment interest established at the United States Treasury Bill rate on the date of Judgment.

However, the Court is reluctant to enter an amended judgment reflecting this amount without the benefit of counsel's discussion of the matter. The Court does not believe that a hearing on this matter is necessary at this time. Instead, the Court will permit the parties to submit simultaneous briefs commenting on the proposed amended judgment. The briefs should include an explanation of any areas of disagreement with the proposed judgment, reasons for the disagreement, and any proposed changes to the principal balance or interest calculations based upon the evidence in the record.

For these reasons, **IT IS HEREBY ORDERED** that the motion by Defendant to reconsider [DN 92] is **granted in part and denied in part**. The judgment amount is vacated. **No later than November 12, 2009,** the parties shall file simultaneous briefs regarding the proposed judgment.

**IT IS FURTHER ORDERED** that the motion by Lincoln Financial for oral argument [DN 93] is **denied** at this time and the motion by Lincoln Financial to stay proceedings to enforce judgment until a decision on the motion to reconsider [DN 94] is **denied as moot**.

cc: counsel of record

---

[2] This figure will be slightly higher given additional prejudgment interest that will accrue from this date until the Amended Judgment is entered.